# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINA REMBERT**, on behalf of herself and others similarly situated, 3389 Sunset Hollow Canal Winchester, Ohio 43110 | : : : : : | |
| Plaintiff, | : : | CASE NO. 2:17-cv-287 |
| vs. | : : : : | JUDGE MAGISTRATE JUDGE |
| **A PLUS HOME HEALTH CARE AGENCY LLC**, c/o Statutory Agent Elliott Osunde 3592 Pendent Lane Columbus, Ohio 43207 | : : : : : : : | **Jury Demand Endorsed Hereon** |
| And | : : | |
| **ELLIOTT OSUNDE** 3592 Pendent Lane Columbus, Ohio 43207 | : : : : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Christina Rembert ("Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendant A Plus Home Healthcare Agency LLC and Defendant Elliott Osunde (Collectively referred to herein as "Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff Rembert entered into an employment relationship with Defendants in the Southern District of Ohio and performed her job duties there and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

4. Plaintiff Christina Rembert, is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Rembert resides in Franklin County, Ohio.

5. Defendant A Plus Home Health Care Agency LLC is a Limited Liability Company registered to do business in Ohio, and conducts business in the Southern District of Ohio.

6. Upon information and belief, Defendant Elliott Osunde owns, in whole or in part, Defendant A Plus Home Health Care Agency LLC.

## WAGE AND OVERTIME

7. At all times relevant herein, Plaintiff was an employee of Defendants as defined in the FLSA.

8. At all relevant times herein, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA.

9. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

10. At all times relevant herein, Defendant A Plus Home Health Care Agency LLC and Defendant Elliott Osunde were each considered a covered "employer" as that term is defined by the FLSA.

11. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND RELEVANT TO ALL CLAIMS

12. Defendant A Plus Home Health Care Agency LLC is a home care service provider with locations in Lancaster, Ohio and Columbus, Ohio.

13. At all times relevant herein, Plaintiff was a Licensed Practical Nurse ("LPN").

14. Plaintiff began working full-time for Defendants in or around July of 2015 as a LPN, and remained in that position until approximately January of 2016.

15. Plaintiff's job duties included providing in-home health care for various patients of Defendants.

16. Defendants also employed individuals in other positions that provided in-home health care for Defendants' patients, including LPNs, State Tested Nursing Assistants ("STNAs"), and Registered Nurses ("RNs"), and other medical personnel (collectively referred to as "Home Care Employees").

17. Defendant Elliott Osunde owns, in whole or in part, Defendant A Plus Home Health Care Agency LLC. Defendant Elliot Osunde also controls and enforces the payroll practices and procedures, including the payment of overtime.

18. At all times relevant herein, all Home Care Employees, including Plaintiff, were paid on an hourly basis.

19. Plaintiff and other Home Care Employees consistently worked more than 40 hours in a workweek.

20. Defendants required Plaintiff and Home Care Employees to track their work hours by submitting timesheets for payment.

21. At all times relevant herein, Plaintiff and Home Care Employees were not paid overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

22. At all times relevant herein, Defendants paid Plaintiff and Home Care Employees their regular rate of pay for all hours worked over 40 hours per workweek ("straight time").

23. In or around January of 2016, Plaintiff approached Defendant Elliott Osunde and told him that she believed she and the Home Care Employees should be receiving overtime pay for all hours over 40 per workweek.

24. Defendant Osunde responded that Defendants would only pay Plaintiff and Home Care Employees straight time, because if Defendants paid their employees the overtime rate, then Defendants would not make any money.

25. Despite Plaintiff's complaint, Defendants refused to pay Plaintiff and Home Care Employees in accordance with the law.

## **FIRST CAUSE OF ACTION**
**(FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime)**

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly Home Care Employees employed by Defendants from January 1, 2015 through the present who did not receive overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs").[1]

28. Upon information and belief, from January 1, 2015 through the present, Defendants have continuously employed more than 100 SSPs in its Columbus, Ohio and Lancaster, Ohio facilities.

29. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of their interests as well as her own in bringing this action.

30. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

31. Plaintiff and the SSPs were paid on an hourly basis.

32. Plaintiff and the SSPs were non-exempt employees.

33. Plaintiff and the SSPs frequently worked more than 40 hours per week.

34. Defendants refused to pay overtime pay to Plaintiff and the SSPs.

---

[1] For purposes of the collective definition, "the present" shall be the date on which Court conditionally certifies a the collective and orders notice be sent to the collective.

35. Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

36. Defendants were aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

37. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as whether it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

38. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Certification as a collective action to all SSPs and appointment of Plaintiff Rembert and her counsel to represent the Class; payment of damages, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $100,000.

Respectfully submitted,

/s/ *Peter G. Friedmann, Esq.*
Peter G. Friedmann (0089293)
(Pete@TFFLegal.com)
Rachel A. Sabo (0089226)
(Rachel@TFFLegal.com)

**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)

Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614.610.4134
Fax: 513.826.9311

*Counsel for Plaintiff*

## JURY DEMAND

    Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

                             /s/ *Peter G. Friedmann, Esq.*
                             Peter G. Friedmann (0089293)