**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


Christina Rembert, on behalf of herself and
others similarly situated                                            Case No. 2:17-cv-287

                    Plaintiff,                                       Judge Graham
        v.
                                                                    Magistrate Judge Deavers
A Plus Home Health Care Agency LLC, et al.,

                    Defendants.

                            Opinion and Order

        Plaintiff Christina Rembert brings this putative collective action for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, against her former employer, defendant A Plus Home Health Care Agency LLC. Also named as defendants are the individuals who own A Plus: Elliot Osunde, Olurotimi Banjoko, Osaghamudia Osazemwinde and Omoefe Efetevbia.

        This matter is before the court on plaintiff's motion to conditionally certify a collective action under the FLSA, which defendants oppose.

I.      **Background**

        Plaintiff is a Licensed Practical Nurse (LPN) who was employed by A Plus from September 2015 to January 2016. Her job duties included providing in-home health care services for patients of A Plus. Plaintiff was paid an hourly wage. She states in her declaration that she worked in excess of 40 hours per work week on numerous occasions. Rembert Decl. at ¶ 10. She further states that she was never paid overtime compensation, but only her regular hourly rate, whenever she worked in excess of 40 hours per work week. Id. at ¶ 11.

        Plaintiff believes that A Plus employs 50 or more additional individuals who provide in-home health care services for its patients. Some of these individuals are LPNs like plaintiff, while some are State Tested Nursing Assistants (STNAs), Registered Nurses (RNs) or other medical personnel. Plaintiff alleges that these other in-home health care employees regularly worked more than 40 hours per workweek but were not paid overtime compensation.

        In her motion to conditionally certify a collective action, plaintiff proposes that the class include all LPNs, STNAs, RNs and other medical personnel who are currently employed or were

formerly employed by A Plus as home care employees at any time from January 1, 2015 to the present and who did not receive overtime compensation for hours worked in excess of 40 hours per workweek.

## II.    Conditional Certification

The FLSA requires covered employers to pay non-exempt employees not less than the applicable minimum wage for each hour worked, and one and one-half times the employee's regular rate of pay for each hour worked in excess of forty hours per week. 29 U.S.C. §§ 206-207. Violations of the FLSA subjects an employer to liability for unpaid wages, liquidated damages and attorneys' fees and costs.  29 U.S.C. § 216(b).

This suit is based on the "Home Care Final Rule," a rule promulgated by the United States Department of Labor in 2013 to extend wage and overtime protections to home care workers.  See 29 C.F.R. § 552.109(a).

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]"  29 U.S.C. § 216(b).  In order to join a collective action, an employee must (1) be "similarly situated" to the plaintiff who maintains the action, and (2) give his written consent to join. Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).

Courts apply a "fairly lenient standard" at the conditional certification stage in determining whether the employees to be notified are similarly situated to plaintiff.  Comer, 454 F.3d at 547. Plaintiff must "make a modest factual showing" that is she similarly situated to the other employees she is seeking to notify.  Id. at 546-47 (internal quotation marks and citations omitted).  "[P]laintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 585 (6th Cir. 2009).  See also Lewis v. Huntington Nat'l Bank, 789 F.Supp.2d 863, 868 (S.D. Ohio 2011) ("[S]imilarly situated class members under FLSA are those whose causes of action accrued in approximately the same manner as those of the named plaintiffs.").

Defendants argue that plaintiff has not met her burden of showing that she is similarly situated to members of the proposed class because she has not submitted any declaration other than her own.  In making the similarly-situated determination, courts may consider whether affidavits of

potential plaintiffs have been submitted. See Lewis, 789 F.Supp.2d at 868. But submitting affidavits from potential plaintiffs is not a prerequisite to conditional certification. See Brandenburg v. Cousin Vinny's Pizza, LLC, No. 3:16-cv-516, 2017 WL 3500411, at **3-4 (S.D. Ohio Aug. 15, 2017). A court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff. Id.

The court finds that the Rembert declaration is sufficient to satisfy the modest factual showing that is she similarly situated to the other employees she is seeking to notify. She has attached several examples of her payment records showing that she worked in excess of 40 hours per week but was compensated at only her regular hourly rate for those overtime hours. She observed fellow home health care aides, whom she knew to have similar backgrounds in nursing to hers, regularly work more than 40 hours per week. Rembert Decl. at ¶ 12. Believing that she and her colleagues were being improperly paid, Rembert approached defendant Osunde in January 2016. Id. at ¶¶ 13-16. Osunde did not dispute that home health aides were working overtime or that A Plus was not paying them overtime compensation; rather, Osunde stated that A Plus would not make any money as a business if its employees received overtime pay. Id. at ¶ 17. Osunde stated that A Plus would continue to pay its home health aides the regular hourly rate for the overtime hours they worked. Id. at ¶ 18.

Defendants object that Rembert's declaration is not based on personal knowledge. The court disagrees. The statements in Rembert's declaration are based on her own experience, observations and direct communications with one of A Plus's owners. Defendants have submitted their own declarations which purportedly contradict Rembert's statements. However, it is not the court's role at the conditional certification stage to resolve factual disputes or evaluate credibility. Brittmon v. Upreach, LLC, 285 F.Supp.3d 1033, 1042 (S.D. Ohio 2018). Moreover, defendants' declarations do not undermine a finding in favor of conditional certification. For instance, defendant Efetevbia states that any failure to pay overtime compensation to plaintiff "was a result of A Plus not having a full understanding" of the Home Care Final Rule. Efetevbia Decl. at ¶ 8. This admitted misunderstanding of the Rule suggests that A Plus's failure to pay overtime compensation was not limited to Rembert, but instead likely resulted in a policy affecting all of its home health aides.

Finally, defendants argue that the Home Care Final Rule did not take effect on January 1, 2015, as plaintiff proposes. Defendants point out that before the Rule went to into effect on the intended date of January 1, 2015, a legal challenge to the Rule was brought in the United States District Court for the District of Columbia, Home Care Ass'n of Am. v. Weil, 76 F.Supp.3d 138 (D.D.C. 2014). The District Court vacated the Rule, concluding that it was in conflict with the FLSA. On appeal, the D.C. Circuit reversed the district court's vacatur of the Final Rule. Home Care Ass'n of Am. v. Weil, 799 F.3d 1084 (D.C. Cir. 2015). Defendants argue that the Rule did not take effect until the D.C. Circuit reversed on appeal.

The court has already ruled on this issue in another case. See Richert v. LaBelle HomeHealth Care Serv. LLC, No. 2:16-cv-437, 2017 WL 4349084, at *1 (S.D. Ohio Sept. 29, 2017). In Richert the court held that under the principle of retroactive application of judicial decisions, the D.C. Circuit's reversal of the vacatur in Weil meant that the Final Rule took effect on January 1, 2015. See id., 2017 WL 4349084, at **1-2 (relying on Kinkead v. Humana, Inc., 206 F.Supp.3d 751 (D. Conn. 2016)). Several judges of this court have reached the same conclusion. See Brittmon, 285 F.Supp.3d at 1039-41; Dillow v. Home Care Network, Inc., No. 1:16-CV-612, 2017 WL 749196, at *3 (S.D. Ohio Feb. 27, 2017). The court adheres to the ruling it made in Richert.

## III.    Proposed Notice

Defendants' sole objection to plaintiff's proposed Opt-In Notice relates to its lack of language concerning liability for costs. Plaintiff has agreed to amend the Notice to include language consistent with what has been approved by other judges of this court. See e.g., Fenley v. Wood Grp. Mustang, Inc., 170 F.Supp.3d 1063, 1075 (S.D. Ohio 2016).

The court approves plaintiff's proposed amended Opt-In Notice and Consent Form, finding that they appear to be "timely, accurate, and informative." Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 172 (1989). The Notice informs potential class members of the pendency of the action and accurately describes the plaintiff's legal claim and states that the employer is defending against the claim. The Notice informs potential class members of their rights and provides clear instructions on how to opt in. It accurately states that retaliation and discrimination for participation in an FLSA action are prohibited by law. See 29 U.S.C. § 215(a)(3). The Notice correctly describes the legal effects of joining or not joining the suit, and it advises that the court expresses no opinion regarding the merits of the plaintiff's claim.

**IV.     Conclusion**

Accordingly, plaintiff's motion for conditional certification (doc. 9) is granted.  The court conditionally certifies an FLSA class consisting of any current and former Licensed Practical Nurses, State Tested Nursing Assistants, Registered Nurses and other medical personnel (collectively "Home Care Employees") employed by Defendants from January 1, 2015 through the present who were paid on an hourly basis, and who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 hours.

Defendant is ordered to provide to plaintiff's counsel within 14 days of the date of this order a list in electronic format of all persons potentially fitting within the proposed class.  The list shall include an employee's first and last name, last known address, telephone number(s) and email address(es), and dates of employment at A Plus.

All potential opt-in plaintiffs shall be provided with 45 days from the date of the mailing of the Notice to opt in to this lawsuit.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 1, 2018