IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTINA REMBERT,**

    **Plaintiff,**

                                                                                 Civil Action 2:17-cv-00287
                                                                                 Judge James L. Graham
       v.                                                                   Magistrate Judge Elizabeth P. Deavers

**A PLUS HOME HEALTH
CARE AGENCY LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon consideration of Plaintiff's[1] Motion to Compel Discovery Responses and for Sanctions Against Defendants and Their Counsel (ECF No. 32), Defendants' Motion for Leave to File Their Memorandum Contra to Plaintiff's Motion to Compel (ECF No. 34), Plaintiff's Response in Opposition to Defendants' Motion (ECF No. 35), Plaintiff's Notice of Supplemental Information Related to Defendants' Motion for Leave and Plaintiff's Motion to Compel (ECF No. 36), and Defendants' Certificate of Service of Responses to Plaintiff's First Set of Discovery Requests to Defendants (ECF No. 38). For the following reasons, Defendants' Motion for Leave to File is **GRANTED**. (ECF No. 34.) Plaintiff's Motion to Compel is **GRANTED** in that the Court **AWARDS** Plaintiff reasonable attorney's fees and costs associated with bringing this Motion and the surrounding circumstances. (ECF No. 32.)

---

[1] On May 1, 2018, the Court granted Plaintiff's Motion for Conditional Class Certification. (ECF No. 20.) For ease of reference, the Court refers to Plaintiff throughout the instant Order as a single person.

## I. BACKGROUND

Plaintiff filed her original Complaint on April 12, 2017. (ECF No. 1.) Plaintiff filed an Amended Complaint on August 25, 2017. (ECF No. 8.) Defendants filed an Answer to the Amended Complaint on September 15, 2017. (ECF No. 10.) On November 7, 2018, Plaintiff filed the instant Motion to Compel and Motion for Sanctions. (ECF No. 32.) Plaintiff requests, pursuant to Federal Rule of Civil Procedure 37 and Southern District of Ohio Civil Rule 37.1, the following:

- An Order compelling Defendants to provide responses to Plaintiff's Interrogatories and Request for Production of Documents;
- An Order requiring Defendants to pay for the attorney fees and costs associated with the filing of this Motion and the surrounding circumstances; and
- An Order issuing sanctions against Defendants and their counsel.

(*Id.*)

When Defendants did not respond to the Motion, on November 29, 2018, the Court issued an Order requiring Defendants to file a motion for leave to file their untimely memorandum in opposition, demonstrating good cause, by December 6, 2018. (ECF No. 33.) On December 6, 2018, Defendants filed a Motion for Leave to File Their Memorandum Contra to Plaintiff's Motion to Compel. (ECF No. 34.) Plaintiff filed a Response in Opposition to Defendants' Motion on December 18, 2018. (ECF No. 35.) On January 16, 2019, Plaintiff filed a Notice of Supplemental Information Related to Defendants' Motion for Leave and Plaintiff's Motion to Compel. (ECF No. 36.) Plaintiff provided notice that, despite Defendants indication that they would respond to the outstanding discovery request by December 21, 2018, Plaintiff had received no response. (*Id.*)

Defendants filed a Certificate of Service of Responses to Plaintiff's First Set of Discovery Requests to Defendants on January 25, 2019. (ECF No. 38.) Defendants represented that the requested discovery responses were uploaded to Dropbox for Plaintiff's counsel on January 2, 2019, Defendants indicated, however, the notice of shared documents was not delivered by Dropbox to Plaintiff's counsel until January 20, 2019. (*Id.*) Defendants also represented that the responses were delivered to Plaintiff's counsel on January 25, 2019, via email. (*Id.*)

Plaintiff filed a Motion for a Status Conference on February 14, 2019, indicating that the responses provided by Defendants were incomplete. (ECF No. 39.) The Court granted the Motion for a Status Conference and held a conference on February 21, 2019. (ECF Nos. 41 & 42.) At the conference, Defendants' counsel indicated he would meet with his clients to go over discrepancies in discovery responses and then confer with Plaintiff's counsel. (ECF No. 42.) On February 21, 2019, the parties filed a Joint Motion to Extend Deadlines for discovery cut-off and the dispositive motion cut-off. (ECF No. 43.) The Court granted the Motion and the discovery deadline was extended to May 31, 2019, and the dispositive motion deadline was extended to June 28, 2019. (ECF No. 45.)

## II. FACTS

On August 31, 2018, Plaintiff's counsel served Defendants' counsel with Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. (ECF No. 32-1 (a copy of with Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions).) On September 30, 2018, Defendants' counsel provided Plaintiff's counsel with Defendants' Responses to Plaintiff's Requests for Admissions and requested a twenty-one (21) day extension to respond to Plaintiff's Interrogatories and

Requests for Production of Documents. (ECF No. 32-2 (September 30, 2018 email from Defendants' counsel to Plaintiff's counsel).) Plaintiff agreed to the extension. (ECF No. 32-3 (October 2, 2018 email from Plaintiff's counsel to Defendants' counsel).) Defendants, therefore, had until October 21, 2018 to provide responses to Plaintiff's Interrogatories and Requests for Production of Documents. (*Id.*) Plaintiff asserts that Defendants neither met this deadline nor contacted Plaintiff's counsel by the deadline. (ECF No. 32, at pg. 4.) On October 29, 2018, Plaintiff's counsel sent a letter to Defendants' counsel regarding the status of Defendants' responses and indicating that if the responses were not provided, she would file a motion to compel. (ECF No. 32-4 (October 29, 2018, letter from Plaintiff's counsel to Defendants' counsel).)

### III. STANDARD OF REVIEW

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *O'Malley v. NaphCare, Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015) (internal quotations and citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley*, 311 F.R.D. at 463); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

Federal Rule of Civil Procedure 37 authorizes a party to file a motion for an order compelling discovery if the moving party "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences."). Neither Federal Rule of Civil Procedure 37 "nor its corollary provisions in this Court's local rules, S.D. Ohio Civ. R. 37.1 and 37.2, requires an actual or even attempted face-to-face meeting before a motion to compel may be filed." *Moss v. Fairborn*, No. 3:08-cv-00393, 2010 WL 11538379, at *5 (S.D. Ohio March 5, 2010). "To the contrary, this Court's Rules require only that the parties first exhaust among themselves all extrajudicial means for resolving their discovery differences, and then certify to the Court the extrajudicial means which have been attempted." *Id.*

Here, Plaintiff failed to attach the certification required by Rule 37. (*See* ECF No. 32.) Plaintiff explains, however, she requested the information that is the subject of the Motion to Compel through discovery, that the parties have exchanged communications regarding the information, and that Defendants' counsel has been difficult to contact despite Plaintiff's counsel's multiple attempts to resolve the issues. (*Id.*) Under the circumstances of this particular case, the Court concludes that the parties have reached impasse on these matters. *See Moss*, 2010 WL 11538379, at *5 (determining that a memorandum in support of a motion to compel setting out details of extrajudicial attempts to resolve issues sufficed and "fulfill[s] the intent behind the requirements of Southern District of Ohio Civil Rule 37.1 and 37.2.").

Federal Rule of Civil Procedure 33(a)(2) sets forth the permissible scope of written interrogatories. The rule provides, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 34 likewise permits a party to "serve on any other party request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, while a plaintiff should "not be denied access to information necessary to establish her claim" a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.")

Finally, Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of reasonable expenses incurred in making the motion, including attorney's fees, if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed. The Rule provides, however, that the court must not order payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

6

## IV. ANALYSIS

As an initial matter, Defendants failed to respond to Plaintiff's Motion to Compel within the time permitted by Southern District of Ohio Local Civil Rule 7.2(a)(2). After the permitted time had expired, the Court ordered Defendants to move for leave to file an untimely memorandum in opposition, demonstrating good cause, if they intended to respond. (ECF No. 33.) Defendants filed a Motion for Leave within the deadline of the Court's Order but failed to demonstrate good cause. (ECF no. 34.)

Plaintiff filed her Motion on November 7, 2018. (ECF No. 32.) Accordingly, pursuant to Southern District of Ohio Local Civil Rule 7.2(a)(2), Defendants' Response was due on November 21, 2018. In their Motion for Leave, Defendants' counsel asserts that from mid-October 2018, to December 3, 2018, he was "unable to communicate" with his primary contact, the record keeper and finance officer for Defendant A Plus Home Health Care Agency, LLC. (ECF No. 34.) Defendants' counsel further asserted that "only recently" had he become aware that the primary contact, Mr. Olurotimi Banjoko, who is also one of the named Defendants, "had taken an extended leave of absence from his official duties." (*Id.*) Defendants' counsel asserts that the leave of absence was due to Mr. Banjoko's father's unexpected illness and subsequent death. (*Id.*) Defendants' counsel then asserts that, because Mr. Banjoko was not communicating with him, counsel "did not have any constructive arguments to offer in response to Plaintiff's subject motion." (*Id.*) Defendants' counsel does not offer an explanation as to why he failed, at the very least, to contact Plaintiff's counsel to request an additional extension or offer an explanation as to the lack of a timely response. Defendants, therefore, have failed to demonstrate good cause for permitting them leave to file their untimely memorandum in opposition. Nevertheless, under the limited circumstances of this singular Motion, Defendants' Motion is

**GRANTED**. (ECF No. 34.) The Court, therefore, will consider Defendants' arguments in opposition to the Motion to Compel.

Defendants' arguments fail to show that production of the information requested by Plaintiff would be unduly burdensome. Defendants simply offer that Mr. Banjoko was on an extended leave of absence. (ECF No. 34.) Again, Defendants fail to provide any explanation for the lack of contact with Plaintiff's counsel regarding this issue. Defendants did, however, indicate that Mr. Banjoko and counsel would work together to provide to the discovery requests by December 21, 2018. (*Id.*) Despite this assurance, Plaintiff provided Notice to the Court on January 16, 2019, that Plaintiff's counsel had not yet received any communication from Defendants' counsel since September 30, 2018, with the exception of Defendants' Motion for Leave and Memorandum in Opposition. (ECF No. 36.) On January 25, 2019, Defendants represented that the requested discovery responses were uploaded to Dropbox for Plaintiff's counsel on January 2, 2019, but that the notice of shared documents was not delivered by Dropbox to Plaintiff's counsel until January 20, 2019. (*Id.*) Defendants further represented that the requested discovery responses were delivered to Plaintiff's counsel on January 25, 2019, via email. (*Id.*) Regardless of when the actual delivery date of the discovery responses occurred, all were after the promised date of December 21, 2018, and well after the parties' agreed-upon deadline of October 21, 2018.

On February 14, 2019, Plaintiff filed a Motion for Status Conference by Telephone. (ECF No. 39.) Plaintiff indicated in her Motion that the records provided by Defendants in January 2019 were incomplete. (*Id.*) The Court granted the Motion and held a status conference on February 21, 2019. (ECF No. 41.) At the status conference, Defendants' counsel agreed to meet with his clients to go over discrepancies in discovery responses and then confer with

Plaintiff's counsel. (ECF No. 42.) To date, the parties have not indicated whether Defendants have completely answered the discovery requests at issue in the instant Motion. The Court, therefore, construes this lack of contact to mean that Defendants have fully responded to the discovery request. At issue, then, is whether Defendants will be responsible for Plaintiff's reasonable attorney's fees and costs associated with bringing this Motion and the surrounding circumstances.

As noted, Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of reasonable expenses incurred in making the motion, including attorney's fees, if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed. The Rule provides, however, that the court must not order payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

First, Plaintiff has made a good faith effort to obtain the discovery request without court intervention. Plaintiff originally served discovery requests on Defendants on August 31, 2018. (ECF No. 32-1.) Plaintiff then agreed to a twenty-one (21) day extension for Defendants to respond to Plaintiff's interrogatories and document production requests. (ECF Nos. 32-2 & 32-3.) Plaintiff did not receive any communication whatsoever from Defendants' counsel by the agreed-upon deadline. Eight (8) days after the deadline expired, Plaintiff sent a deficiency letter via email inquiring as to the status of the requested information and indicated that if Defendants did not provide the responses she would file a motion to compel. (ECF No. 32-4.) Under the

circumstances present in this case, Plaintiff has satisfied the good-faith effort requirement. *See Moss*, 2010 WL 11538379 at *5 (granting a motion to compel where counsel had sent two letters requesting a supplement to discovery responses and opposing counsel's past actions suggested that no amount of conferring would have convinced her to relent to the discovery demands).

Second, Defendants have put forth no indication that their untimely response to Plaintiff's discovery requests was "substantially justified." Indeed, even presuming Mr. Banjoko's absence hindered Defendants' counsel's ability to respond to the discovery requests and Motion to Compel, Defendants offer absolutely no explanation for their complete the lack of communication with Plaintiff's counsel regarding the situation. In the same vein, no circumstances present in the instant case exist that "make an award of expenses unjust." Accordingly, the Court finds that an award of Plaintiff's reasonable attorney's fees and costs associated with bringing this Motion and the surrounding circumstances is appropriate.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File (ECF No. 34) and Plaintiff's Motion to Compel (ECF No. 32) are **GRANTED**. The Court **AWARDS** Plaintiff reasonable attorney's fees and costs associated with bringing this Motion and the surrounding circumstances. The Court encourages the parties to reach an agreement concerning the appropriate amount to be awarded. In the event the parties cannot reach such an agreement, Plaintiff shall file a supplemental memorandum within **FOURTEEN (14) DAYS** of the date of this Order in support of the awarded fees and expenses, setting forth information that would permit the Court to assess the reasonableness of the amount requested, including the timekeeper, rate, and explanation of work, to the extent counsel may do so without violating the attorney-client privilege.

**IT IS SO ORDERED.**

**Date: April 17, 2019**  /s/ *Elizabeth A. Preston Deavers*_____
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**