IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christina Rembert, on behalf of herself and
others similarly situated

        Plaintiffs,

v.

A Plus Home Health Care Agency LLC, et al.,

        Defendants.

Case No. 2:17-cv-287

Judge Graham

Magistrate Judge Deavers

Opinion and Order

Plaintiff Christina Rembert brings this collective action for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, against her former employer, defendant A Plus Home Health Care Agency LLC. This matter is before the court on plaintiff's motion for an award of attorneys' fees and costs under the FLSA as a prevailing party.

I.      Background

Plaintiff is a Licensed Practical Nurse who was employed by A Plus as a home health care aide. The court conditionally certified a class under the FLSA of current and former home health care employees who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 hours.

During fact discovery, plaintiff's counsel began having difficulty with defendant's counsel being unresponsive. After numerous attempts to gain defendants' cooperation, plaintiff filed a motion to compel discovery with respect to plaintiff's first set of interrogatories and requests for production of documents.

The magistrate judge granted plaintiff's motion to compel in its entirety and further awarded plaintiff "reasonable attorney's fees and costs associated with bringing this Motion and the surrounding circumstances." Doc. 46 at p. 10. The magistrate judge instructed the parties to attempt to reach an agreement as to the amount of attorneys' fees and costs awarded.

After several unsuccessful attempts to communicate with defendant's counsel, plaintiff's counsel sent an email with an offer to settle the whole litigation. Defendant's counsel responded, asking for additional time to consider the offer, which plaintiff agreed to do. Plaintiff's counsel did

1

not hear back from defendant's counsel and the settlement offer expired. Plaintiff then filed a memorandum in support of attorneys' fees and costs relating to the motion to compel.

Before the court had determined the amount of attorneys' fees to be awarded in connection with the motion to compel, the parties informed the court that defendant had stipulated to liability and the parties would be submitting a joint proposed judgment entry. The parties further advised that they were attempting to resolve the issue of payment of attorneys' fees and costs.

The parties did submit a proposed judgment entry. Defendant agreed that it was liable under the FLSA to plaintiff and the four individuals who had joined the action. Defendant agreed to pay 100% of the overtime wages due to plaintiff and two of the opt-in plaintiffs, as well as 100% of the liquidated damages recoverable under the FLSA, 29 U.S.C. § 216(b), to plaintiff and the same two opt-in plaintiffs. With respect to the other two opt-in plaintiffs, defendant agreed to liability, but the parties further agreed that they were not entitled to recovery in this action because they had separately received compensation from related wage claims they had filed with the United States Department of Labor.

Though agreeing to a judgment entry and the amounts that the remaining three plaintiffs would receive (a total of $18,961), the parties could not reach an agreement concerning attorneys' fees and costs. This prompted plaintiff to file the present motion for an award of attorneys' fees and costs as a prevailing party under the FLSA.

## II. Discussion

A prevailing party is entitled to an award of "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). A prevailing party is one "'in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)). It is a party "who has been awarded some relief by the court." Id.

Defendant does not dispute that plaintiff is a prevailing party. In the proposed judgment entry, defendant stipulates that it is liable under the FLSA to pay the overtime wages of plaintiff and the opt-in plaintiffs and it agrees to fully compensate plaintiff and the two opt-in plaintiffs who had not yet received compensation.

The parties further agree that in determining an attorney fee amount that is reasonable, the court should start with the lodestar method – the number of hours reasonably expended multiplied

by a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The lodestar method "yields a fee that is presumptively sufficient to achieve" the objective of awarding an amount "that is sufficient to induce a capable attorney to undertake the representation of a meritorious" case.  Perdue v. Kenny A., 559 U.S. 542, 552 (2010).

The reasonableness of the rate and hours is evaluated in light of: (1) the "time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005) (internal quotation marks omitted).

The parties disagree over what amount of attorneys' fees would be reasonable.  Plaintiff seeks an award of $35,285.  Defendant argues that this amount is excessive because the itemized billing statements of plaintiff's two attorneys indicates that some duplication occurred and that attorneys performed work that paralegals or clerks could have done.

The court begins with the rates sought by the two attorneys for plaintiff.  Attorney Greg Mansell seeks a rate of $350 per hour, and attorney Peter Friedman seeks $300 per hour.  Mr. Mansell has been practicing labor and employment law for 11 years, and Mr. Friedman for 8 years.  The court finds that these rates are in line with the rates approved by the court for attorneys with similar experience in FLSA cases and that the rates are appropriate for the results achieved for their clients – an admission of liability by defendant and 100% recovery plus liquidated damages for the plaintiffs who had not yet received the overtime wages due them.  Judges of this court have approved the $350 per hour rate for Mr. Mansell, see e.g., Minor v. Twin Rivers Constr., No. 2:16-cv-1002 (S.D. Ohio) (Doc. 42), and the undersigned judge recently approved $300 per hour for an attorney with the same level of experience as Mr. Friedman, see Morgan v. Valley Home Care Solution, LLC, No. 2:19-cv-278 (S.D. Ohio) (Doc. 34).

With respect to the number of hours expended, counsels' affidavits and itemized time entries indicate that Mr. Mansell spent 49 hours and Mr. Friedmann 60 hours on this matter.  On one hand, the reasonable number of hours expended on this case was increased by the difficulties plaintiff's counsel had with uncooperative opposing counsel, which prompted a motion to compel discovery that the court granted.  On the other hand, because the opt-in class turned out to be very small,

3

plaintiff's counsel experienced some amount of time savings in not needing to manage a large FLSA class.

Looking only at the time entries relating to the discovery dispute and motion to compel, for which the magistrate judge awarded attorneys' fees to plaintiff, the court determines that Mr. Mansell reasonably spent 6.7 hours and Mr. Friedmann reasonably spent 2.2 hours on work relating to the discovery dispute and motion to compel. Applying the respective hourly rates of the attorneys to these hours yields a total attorneys' fees award of $3,005 pursuant to the magistrate judge's order. The court thus separately awards $3,005 in attorneys' fees to plaintiff as a discovery sanction against defendant.

Turning now to the remainder of the time entries, the court agrees with defendant that there is a considerable amount of duplication and types of work that could have been accomplished by paralegals or administrative assistants. Upon a thorough review of theses entries, the court finds that the number of hours reasonably expended by Mr. Mansell was 13.6 hours and 23.7 hours for Mr. Friedmann. In determining what time entries to count, the court included those which involved work or services requiring an attorney, such as drafting legal memoranda, reviewing court orders and participating in conferences with the magistrate judge. The court excluded all other entries, including ones that represented tasks a non-lawyer could perform (such as filing items on the court's electronic case filing system and gathering information from clients) and entries that appeared to be duplicative.

Multiplying the respective hourly rates of Mr. Mansell and Mr. Friedmann by their hours expended yields an amount of $11,870 ($4,760 for Mr. Mansell and $7,110 for Mr. Friedmann). This fee amount would result in attorneys' fees being 38.5% of the total settlement amount, which slightly exceeds the range typically approved by judges of this court in FLSA collective actions, which is 25% to 35%. See e.g., Morgan v. Valley Home Care Solution, LLC, No. 2:19-cv-278 (S.D. Ohio) (Docs. 35, 36); Minor v. Twin Rivers Constr., No. 2:16-cv-1002 (S.D. Ohio). The court will therefore limit this portion of the attorneys' fees award (which does not include the $3,005 in fees awarded above as a discovery sanction) to $10,210, or 35% of the total settlement amount.

The court recognizes that an award of fees and costs to a prevailing party under a federal statute it is not necessarily limited by the amount of damages awarded. See Buckhannon, 532 U.S. at 603. However, the court finds this FLSA overtime pay case to be materially indistinguishable from the numerous FLSA collective action settlements that come before the court for approval. The court believes that the fee award percentage (excluding the amount awarded as a discovery sanction) should fall within with the range found to be reasonable by the judges of this court. The court will not allow

4

the procedural maneuvering of filing an agreed judgment entry along with a motion for attorneys' fees as a prevailing party to function as an end-around of the court's fee percentage range.

**III.     Conclusion**

Accordingly, plaintiff's motion for an award of attorneys' fees and costs (doc. 63) is granted, but not in the amount sought by plaintiff.  The court awards plaintiff the following amounts: $3,005 in attorneys' fees as a discovery sanction; $10,210 in attorneys' fees as the prevailing party; and $575 in costs (as set forth in Doc. 63-2 at PAGEID 346).  The court thus awards plaintiff a total of $13,790 in attorney's fees and costs.

        s/ James. L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE: March 24, 2020